**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JAMEY MCKEE,

                Plaintiff,

      v.

M. ROWE, *et al.*,

                Defendants.

No. 4:23-CV-00015

(Chief Judge Brann)

**MEMORANDUM OPINION**

**JANUARY 24, 2025**

Plaintiff Jamey McKee is a serial *pro se* litigant who was previously incarcerated at the State Correctional Institution, Rockview (SCI Rockview), located in Bellefonte, Pennsylvania.[1]  He filed the instant *pro se* Section 1983[2] action claiming constitutional violations by several SCI Rockview officials. Presently pending is Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56.  Because McKee has not responded to Defendants' motion and thus has failed to carry his Rule 56 burden on his remaining Section 1983 claims, the Court will grant Defendants' unopposed motion for summary judgment.

---

[1]  McKee is currently incarcerated at SCI Somerset.  *See* Doc. 29.

[2]  42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I.    FACTUAL BACKGROUND[3]

McKee is currently incarcerated at SCI Somerset.[4]  He lodged the instant

lawsuit in December 2022 while housed in the Behavior Management Unit (BMU)

at SCI Rockview.[5]  McKee initially alleged that four SCI Rockview officials—T.

Furguson, M. Rowe, J. Butler, and W. McCusker—violated his First and Eighth

Amendment rights, primarily by retaliating against him for filing a report under the

Prison Rape Elimination Act (PREA).[6]

Defendants moved for partial dismissal of McKee's complaint.[7]  In

response, McKee filed an amended complaint[8] as a matter of course,[9] which is the

current operative pleading.  He dropped Furguson and Butler from the lawsuit,

naming only McCusker and Rowe as defendants.[10]

In his amended complaint, McKee asserted that McCusker and Rowe

retaliated against him for seeking to file (or filing) a PREA report and that

---

[3]    Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."  LOCAL RULE OF COURT 56.1.  A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried.  *Id.*  Defendants properly filed their statement of material facts, (Doc. 59), but McKee failed to respond to that statement.  Accordingly, the Court will deem admitted the facts in Defendants' Rule 56.1 statement.  *See* LOCAL RULE OF COURT 56.1.

[4]    *See* Doc. 29.
[5]    *See generally* Doc. 1.
[6]    *See generally id.*
[7]    Doc. 14.
[8]    Doc. 25.
[9]    *See* FED. R. CIV. P. 15(a)(1)(B); *see also* Doc. 24.
[10]   *See* Doc. 25 ¶¶ 7-8.

McCusker also failed to protect him from an assault by another inmate.  As to McCusker, McKee alleged that in response to informing McCusker of his desire to file a PREA report for events that occurred on December 12, 2022, McCusker retaliated against him the following day by permitting another inmate ("Shears") to slide an envelope filled with fecal matter into McKee's cell, which fecal matter got on McKee's hand when he opened the envelope.[11]  McKee claimed that this December 13 incident also constituted an Eighth Amendment failure-to-protect violation by McCusker.[12]  As to Rowe, McKee alleged that after he lodged a PREA report on December 13, 2022, Rowe retaliated against him the next day by demoting his BMU phase from 2 to 3 without "any logical justification."[13]

Defendants moved to dismiss in part the amended complaint, but the Court denied that motion.[14]  Defendants now move for summary judgment on McKee's First and Eighth Amendment claims.[15]  McKee has failed to respond to Defendants' Rule 56 motion in any way.  The deadline for a responsive Rule 56 pleading has now passed, but McKee has neither filed a response nor sought an extension of time to do so.  Defendants' unopposed motion for summary judgment is therefore ripe for disposition.

---

[11]  *See* Doc. 30 at 3.
[12]  *Id.* at 4.
[13]  *Id.* at 3 (quoting Doc. 25 ¶ 36).
[14]  *See generally* Docs. 30, 31.
[15]  Doc. 58.

## II.    STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[16]  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17]  Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[18]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[19]  The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[20]  This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[21]  A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury

---

[16]    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[17]    Fed. R. Civ. P. 56(a).

[18]    *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).

[19]    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[20]    *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).

[21]    *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).

could reasonably find for the [nonmovant]."[22]  Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[23]

## III.  DISCUSSION

Defendants contend that McKee is unable to satisfy his Rule 56 burden because he cannot adduce any competent evidence to establish a genuine issue of material fact as to his Section 1983 claims.  This is so, Defendants maintain, primarily because McKee fabricated the purported inmate-on-inmate assault, which is the foundation for the pending lawsuit.  The Court agrees with Defendants and finds that McKee has failed to carry his Rule 56 burden, so judgment must be entered in Defendants' favor.

### A.    Failure to Oppose Rule 56 Motion

First, McKee has failed to carry his burden at summary judgment because he has not opposed Defendants' Rule 56 motion in any way.  McKee has not identified any record evidence that would rebut Defendants' contention (and supporting evidence) that they took no action that would violate McKee's constitutional rights.  McKee has not, for example, pointed to a declaration or affidavit, witness statements, documentary support, or any other evidence that could sustain a verdict in his favor.  In fact, McKee has not even responded to

---

[22]  *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).

[23]  *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

Defendants' Rule 56 motion, meaning that—pursuant to Local Rule 7.6—the motion is deemed unopposed.[24]

At summary judgment, "the non-moving party *must oppose the motion* and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice."[25] Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment.[26]  No materials have been provided or cited by McKee in opposition to Defendants' Rule 56 motion.  Thus, because McKee has failed to establish that there is a genuine dispute of material fact for trial, the Court must grant Defendants' motion for summary judgment.

## B.    Merits of the Section 1983 Claims

A second reason that summary judgment must be granted in Defendants' favor is that, upon consideration of the Rule 56 record, there is no evidence that would sustain a verdict in McKee's favor on his First or Eighth Amendment claims.  The Court will review each alleged constitutional tort in turn.

---

[24]    *See* LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").

[25]    *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (emphasis added) (alteration omitted) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).

[26]    FED. R. CIV. P. 56(c)(3).

### 1.    First Amendment Retaliation

Although a prisoner's constitutional rights are necessarily circumscribed, an inmate still retains First Amendment protections when they are "not inconsistent" with prisoner status or with the "legitimate penological objectives of the corrections system."[27]  To establish a First Amendment retaliation claim, a plaintiff must show that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the plaintiff's protected conduct was a "substantial or motivating factor" in the prison officials' decision to take the adverse action.[28]

There are a variety of ways to establish causation for a First Amendment retaliation claim.  One method is to show "unusually suggestive" timing between the protected conduct and the adverse action.[29]  When a plaintiff relies solely on circumstantial evidence of temporal proximity, the time between the protected conduct and the adverse action is often measured in days rather than weeks or months.[30]  However, there is no "bright line rule limiting the length of time that may pass between a plaintiff's protected speech and an actionable retaliatory act by

---

[27]  *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010)).

[28]  *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).

[29]  *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

[30]  *See Conard v. Pa. State Police*, 902 F.3d 178, 184 (3d Cir. 2018).

a defendant."[31]  Another approach is to demonstrate "a pattern of antagonism coupled with timing."[32]  Finally, causation can be inferred "from the evidence gleaned from the record as a whole."[33]  Logically, a plaintiff asserting retaliation "will have to show . . . that the decision maker had knowledge of the protected activity[.]"[34]

If a prisoner-plaintiff can establish a *prima facie* retaliation case, the burden shifts to the defendant or defendants to show that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."[35]  This is often referred to as the "same decision defense."[36]

McKee asserts retaliation claims against both McCusker and Rowe.  As noted above, McKee claims that McCusker retaliated against him by permitting inmate Shears to slide an envelope filled with fecal matter into his cell, which fecal matter purportedly got on McKee's hand when he picked up the envelope.  McKee does not point to any evidence to support this accusation.  Moreover, CCTV footage of the incident in question conclusively establishes that Shears never slid an envelope into McKee's cell on December 13, 2022, as alleged.[37]  McKee, in

---

[31]  *Id.*

[32]  *DeFlaminis*, 480 F.3d at 267.

[33]  *Watson v. Rozum*, 834 F.3d 417, 424 (3d Cir. 2016) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)).

[34]  *Moore v. City of Philadelphia*, 461 F.3d 331, 351 (3d Cir. 2006) (citation omitted).

[35]  *Watson*, 834 F.3d at 422 (quoting *Rauser*, 241 F.3d at 334).

[36]  *Id.*

[37]  *See* Doc. 59-4, Cell Range Video at 7:50:05-7:51:51; *see also* Doc. 59 ¶¶ 25-38.

fact, appears to have fabricated this entire incident.[38]  Accordingly, because McKee has failed to establish an adverse action taken by McCusker, his *prima facie* First Amendment retaliation claim fails.

McKee's retaliation claim against Rowe likewise fails.  Again, McKee has not cited any evidence to support his *prima facie* retaliation claim.  Even if he had, Rowe has proffered uncontroverted evidence that McKee's BMU phase was demoted for a reasonable penological interest, thus firmly establishing the "same decision" defense.  That is, undisputed records from the phase demotion show that McKee was demoted from phase 2 to phase 3 due to his significant regression in BMU program goals and his fixation on unfounded abuse allegations.[39]  Thus, summary judgment must be granted in Rowe's favor on this retaliation claim.

## 2.    Eighth Amendment Failure to Protect

"Being . . . assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."[40]  Prison officials, therefore, have "a duty to protect prisoners from violence at the hands of other prisoners."[41]  However, not "every injury suffered by one prisoner at the hands of another . . .

---

[38]  *See* Doc. 59-2 at 10-11 (finding no truth to McKee's PREA allegations, noting that McKee routinely files false PREA claims to facilitate prison transfers, and observing that he has filed "more than 40 PREA allegations" during his incarceration with the DOC).

[39]  Doc. 59 ¶¶ 45-47; Doc. 59-5 at 2.

[40]  *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)), *abrogated on other grounds as noted by Mack v. Yost*, 968 F.3d 311, 319 n.7 (3d Cir. 2020).

[41]  *Id.* (alteration in original) (quoting *Farmer*, 511 U.S. at 833).

translates into constitutional liability for prison officials responsible for the victim's safety."[42]

To establish an Eighth Amendment failure-to-protect claim against a prison official, the inmate must prove that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to [the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner] harm."[43] In this context, deliberate indifference is a subjective standard; that is, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."[44] Actual knowledge or awareness of a substantial risk to an inmate's safety can be proven "in the usual ways, including inference from circumstantial evidence."[45]

McKee's failure-to-protect claim against McCusker warrants only brief discussion. As noted above, video evidence conclusively refutes McKee's allegation that inmate Shears placed an envelope filled with fecal matter into McKee's cell on December 13, 2022. Thus, McKee's allegation that McCusker failed to protect him from this inmate-on-inmate "assault" is completely

---

[42] *Farmer*, 511 U.S. at 834.
[43] *Bistrian*, 696 F.3d at 367.
[44] *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)).
[45] *Id.* (quoting *Farmer*, 511 U.S. at 842).

unsubstantiated and baseless.  Summary judgment will be granted in McCusker's favor on this Eighth Amendment claim.

In summary, even if the Court were to reach the merits of McKee's Section 1983 claims (despite his failure to oppose the instant Rule 56 motion), Defendants' motion for summary judgment would be granted.  That is because there is no record evidence of retaliation or deliberate indifference to a risk of serious harm by Defendants.

## IV.   CONCLUSION

Based on the foregoing, the Court will grant Defendants' unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge